## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Jason Craig, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 6:11-cr-00338-JMC-2 |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner Jason Craig's ("Petitioner") Motion to Compel Specific Performance of Plea Agreement to Move Court for Reduction Due To Substantial Assistance ("Motion to Compel") (ECF No. 1559), filed on June 20, 2013. This review also considers the Government's Response to Craig's *Pro Se* Motion for Specific Performance ("Response") (ECF No. 1564). For the reasons set forth within, the court **DENIES** Petitioner's Motion to Compel.

### FACTUAL AND PROCEDURAL HISTORY

On May 10, 2011, a federal grand jury indicted Petitioner and several co-defendants on multiple counts for their involvement in a drug distribution conspiracy. (ECF No. 309.) Specifically, Petitioner and his co-defendants were charged with conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine, 280 grams or more of crack cocaine, and 1000 or more grams of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. While in federal custody and prior to entering a guilty plea, Petitioner entered into a written plea agreement with the Government on June 21, 2011. (ECF No. 518.) Pursuant to the plea agreement, Petitioner agreed to testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government and to

cooperate with the Government, which would, if appropriate and at Petitioner's election, move the court for a downward departure or reduction of Petitioner's sentence or remove one enhancement under 21 U.S.C. § 851 if such cooperation was deemed substantial to the government.  (ECF No. 518 at 5, 7.)

Petitioner pled guilty to his role in the drug conspiracy on January 18, 2012 (ECF No. 1019) and was sentenced on May 17, 2012 (ECF No. 1262).  The day before Petitioner's sentencing hearing, May 16, 2012, the Government filed a Motion for Downward Departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) for Petitioner's cooperation in providing substantial assistance to the government about other events related to the conspiracy and his willingness to testify should the need arise.  The court granted the Government's Motion for Downward Departure and sentenced Petitioner to 120 months imprisonment.  This departure constituted a fifty percent (50%) reduction from the mandatory minimum sentence of twenty years and the maximum term of life imprisonment Petitioner faced pursuant to the sentencing guidelines.  (ECF No. 1161 at 24, ¶ 98.)

The Government has represented to the court that, sometime in late 2012 to early 2013, while preparing for the anticipated trial in the case of *United States v. John and Kasondra Cannon* (Case No. 6:11-cr-02302), the Government transported Petitioner and six other federal inmates to the Upstate of South Carolina as potential witnesses.  The Cannons pled guilty before the commencement of their trial.  One co-defendant, Justin Jenkins ("Jenkins"), received a downward departure based on the Government's belief that the Cannons' guilty pleas were almost entirely the result of Jenkins's willingness to testify against John Cannon.  None of the other inmates that were transported in anticipation of trial received further downward departures at that time.  (ECF No. 1564 at 3–4.)

Petitioner filed this motion to compel requesting an additional downward departure because of his willingness to testify in the Cannons' trial.  Petitioner believes this conduct qualifies as "substantial assistance" beyond what was agreed upon in his plea agreement and beyond that which was reflected in the court's earlier grant of a downward departure to him.  He states that "[n]o consideration was given to Petitioner for his cooperation even though the information was deemed substantial.  Petitioner can only benefit from his efforts if this information is disclosed to the court in order to allow them the discretion to grant a downward departure."  (ECF No. 1559 at 4.)  Petitioner further states "the government breached its agreement with Petitioner to disclose any and all information of substantial assistance that was expressly stipulated in the written contractual agreement. . ."  (*Id.*)  Petitioner requests the court to exercise its discretion for his willingness to testify at the Cannons' anticipated trial.

In its response to Petitioner's motion to compel, the Government contends that the language of the plea agreement only obligates the Government to move for an additional downward departure if Petitioner's further cooperation constitutes *unrewarded* substantial assistance.  (ECF No. 1564 at 5.)  "The Government is unaware of any allegation [Petitioner] raised between his sentencing and his pro se motion that he had provided the Government with unrewarded substantial assistance."  (*Id.* at 3.)  The Government asserts that it was Jenkins's cooperation, not Petitioner's, which was the driving force behind the Cannons' guilty pleas. Also, the Government notes that Petitioner did not allege that the Government's failure to move for a second downward departure was the result of an unconstitutional motive.  In fact, "the

Government met with at least five of these inmates for the purpose of preparing for trial.  The

Government never met with [Petitioner] during its trial preparation for the Cannon case."[1]  (*Id.*)

## STANDARD OF REVIEW

Rule 35(b) of the Federal Rules of Criminal Procedure allows the Government to move

for a corrected or reduced sentence after an initial sentencing.  A relevant section states:

> (2) Later Motion. Upon the government's motion made more than one year
> after sentencing, the court may reduce a sentence if the defendant's
> substantial assistance involved:
> > (A) information not known to the defendant until one year or more
> > after sentencing;
> > (B) information provided by the defendant to the government within
> > one year of sentencing, but which did not become useful to the
> > government until more than one year after sentencing; or
> > (C) information the usefulness of which could not reasonably have
> > been anticipated by the defendant until more than one year after
> > sentencing and which was promptly provided to the government after
> > its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2).

"[F]ederal district courts have authority to review a prosecutor's refusal to file a

substantial-assistance motion and to grant a remedy if they find that the refusal was based on an

unconstitutional motive."  *United States v. Wade*, 504 U.S. 181, 185–186 (1992).  A defendant

must make a "substantial threshold showing" of an improper motive before the court can order

an evidentiary hearing.  *Id.* at 186.  Such a showing could consist of evidence that the prosecutor,

in declining to move for a downward departure, was motivated by impermissible factors such as

the defendant's race or religion.  *Id.*  The government's refusal to file a substantial assistance

---

[1] In his motion, Petitioner alleges that "[w]hile (he) was serving his sentence and in light of this information, (he) was questioned." (ECF No. 1559 at 3.)  None of the prosecutors who participated in the trial preparation recall meeting with Petitioner.  (ECF No. 1564 at 3, n.4.)  A case agent who participated in the trial preparation does not recall meeting with Petitioner to prepare for the Cannons' trial.  (*Id.*)  Moreover, no DEA agent ever wrote a report detailing a debriefing of Petitioner during the period the Government was intensely preparing for trial, which was after Petitioner was sentenced." (*Id.*)

motion will be permitted "so long as it provides any legitimate reason, even one unrelated to the defendant's 'substantial assistance.'" *United States v. Divens*, 650 F.3d 343, 345 (4th Cir. 2011).

## DISCUSSION

Rule 35 of the Federal Rules of Criminal Procedure is a discretionary rule by which the government is not obligated to move for a reduction and the court may not remedy the government's refusal to make such motion except under two circumstances. *United States v. Wakefield*, 112 F. App'x 257, 258 (4th Cir. 2004). A petitioner may be entitled to relief where: "(1) the government has obligated itself in the plea agreement to move for a reduction; or (2) the government's refusal to move for a reduction was based on an unconstitutional motive." *Id.* The court finds that relief is not warranted in this case because Petitioner has not shown that any assistance or information given to the Government after his sentencing meets the factors for a further reduction of his sentence. The language of the plea agreement that required Petitioner's cooperation with future trials and grand juries demonstrates that the Government anticipated that the information provided by Petitioner before his sentencing would possibly be useful at a later date, (*see* ECF No. 518 at 5), and in fact, Petitioner was rewarded for providing substantial assistance to the government subsequent to his guilty plea, (*see* ECF No. 1242).

Pursuant to the language of Petitioner's plea agreement, he did not perform any new duties that would warrant an additional downward departure. Petitioner's availability to testify at trial was a provision of the plea agreement, for which he already received a substantial downward departure from a mandatory minimum sentence of twenty years and maximum term of life imprisonment. Petitioner claims that he did not receive an additional downward departure, but he makes no showing that the other co-defendants received subsequent downward departures for being available to testify at the Cannons' trial.

Petitioner has also failed to make a "substantial threshold showing" that the Government had unconstitutional motives.  *See United States v. Andrews*, 113 F. App'x 524, 525 (4th Cir. 2004).   Without a "substantial threshold showing" of an unconstitutional motive, this court declines to hold an evidentiary hearing.  *See id.*

## CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Petitioner's Motion to Compel Specific Performance of Plea Agreement to Move Court for Reduction Due to Substantial Assistance (ECF No. 1559).

**IT IS SO ORDERED**.


J. Michelle Childs

United States District Judge

April 22, 2014
Columbia, South Carolina